**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

MARK LYLES, an individual

Plaintiff,

v.

ROCKY MOUNTAIN SENIOR CARE NC PC,
a Colorado Corporation; MEADOWS FAMILY
MEDICAL CENTER, INC., a Colorado
Corporation; CHASE GRANT BILLING, INC.,
a Colorado Corporation

Defendants

---

**DEFENDANTS MEADOWS FAMILY MEDICAL CENTER, INC. AND CHASE
GRANT BILLING, INC.'S NOTICE OF REMOVAL**

---

DEFENDANTS MEADOWS FAMILY MEDICAL CENTER, INC. AND CHASE GRANT BILLING, INC. (collectively "Defendants"), through counsel, submit this Notice of Removal, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and in support thereof state the following grounds for federal jurisdiction in this case.

**I.     BACKGROUND**

1.     Plaintiff Mark Lyles ("Plaintiff") commenced this action, originally styled *Mark Lyles v. Rocky Mountain Senior Care NC PC*, Case No. 2016CV31770, in the District Court, Jefferson County, Colorado on November 14, 2016, alleging claims for violations of the Colorado Wage Claim Act, §§ 8-4-101 to -123, C.R.S., and the Colorado Minimum Wages of Workers Act, §§ 8-6-101 to -119, C.R.S. *See* State Court Docket Sheet, attached hereto as **Ex. A**; *See* Complaint

attached hereto as **Ex. B**, at ¶¶ 27-37. The original Complaint named only Rocky Mountain Senior Care NC PC as a Defendant. Plaintiff did not serve the Original Complaint.

2. Plaintiff filed his First Amended Complaint on January 11, 2017, alleging claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Colorado Wage Claim Act, §§ 8-4-101 to -123, C.R.S. *See* First Amended Complaint, attached hereto as **Ex. C**, at ¶¶ 39-61. The First Amended Complaint named only Rocky Mountain Senior Care NC PC as a Defendant. Plaintiff served Rocky Mountain Senior Care NC PC on January 16, 2017.

3. Upon receipt of the First Amended Complaint, undersigned counsel contacted counsel for Plaintiff and informed him that Plaintiff had named the wrong entity as the employer and that Defendant would not oppose a further amendment to name the proper parties. Counsel provided W-2's to Plaintiff's counsel evidencing the proper entities. Plaintiff thereafter sought, and received, leave to file a Second Amended Complaint.

4. Plaintiff filed a Motion for Leave to File his Second Amended Complaint and the proposed Second Amended Complaint on February 13, 2017. *See* Motion for Leave, attached hereto as **Ex. D**; *See* Second Amended Complaint, attached hereto as **Ex. E**. In his Second Amended Complaint, Plaintiff alleges claims for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Colorado Wage Claim Act, §§ 8-4-101 to -123, C.R.S. *Id.* at ¶¶ 62-87. The District Court entered an Order on March 2, 2017 accepting the Second Amended Complaint as filed. *See* Order Granting Plaintiff's Motion for Leave to File his Second Amended Complaint, attached as **Ex. F**.

5. Defendants have not filed Answers or other responses to the Second Amended Complaint as of the filing of this Notice of Removal. Notably, Plaintiff named L. Elane Shirar, MD ("Dr. Shirar") as a defendant without a factual basis or prior conferral. All defendants sought,

and received, an extension of time to Answer or otherwise respond to the Second Amended Complaint while Plaintiff considered whether to voluntarily dismiss all claims against Dr. Shirar in her individual capacity. *See* Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint, attached hereto as **Ex. G**; *See* Order Granting Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint, attached hereto as **Ex. H**. The parties jointly submitted, and the state court approved, a stipulation of dismissal with respect to all claims against Dr. Shirar in her individual capacity. *See* Stipulation to Dismiss Without Prejudice Claims Against L. Elane Shirar, attached hereto as **Ex. I**; *See* Order Approving Stipulation to Dismiss without Prejudice Claims Against L. Elane Shirar, attached hereto as **Ex. J**.

6. Pursuant to the Second Amended Complaint, Plaintiff is seeking: (1) unpaid overtime wages; (2) liquidated damages and/or penalties in the maximum amount allowable by law; (3) reasonable attorney's fees and costs in the maximum amount allowable by law; (4) pre- and post-judgment interest at the highest lawful rate; and (5) other and further relief in law or equity as justice allows. **Ex. E**, pg. 9-10, prayer for relief. Plaintiff does not request a specific sum of damages. *Id*.

7. Plaintiff has not demanded a jury trial. *See Id*.

## II. TIMELINESS OF REMOVAL

8. Plaintiff never served his original Complaint on any defendant.

9. Plaintiff filed his First Amended Complaint on January 11, 2017. **Ex. C**. The First Amended Complaint named only Rocky Mountain Senior Care NC PC as a defendant. *Id*. Plaintiff served Rocky Mountain Senior Care NC PC on January 16, 2017.

10. Plaintiff filed his Second Amended Complaint on February 13, 2017, and transmitted a copy of the Second Amended Complaint to undersigned counsel that same day. *See* **Ex. E**. This was the first time Plaintiff named Defendants as parties. The District Court entered an Order on March 2, 2017 accepting the Second Amended Complaint as filed. *See* **Ex. F**.

11. Defendants timely file this Notice of Removal within thirty (30) days of receipt of the Second Amended Complaint. *See generally* 28 U.S.C. § 1446. Less than one (1) year has elapsed since the commencement of Plaintiff's underlying state court action. *Id*.

### III. BASIS FOR REMOVAL: ORIGINAL AND SUPPLEMENTAL JURISDICTION

12. Pursuant to 28 U.S.C. § 1441, this Court has jurisdiction over this removal action. *See* 28 U.S.C. §§ 1331, 1441. Specifically, this Court has original jurisdiction because Plaintiff's Fair Labor Standards Act claim arises under the laws of the United States. *See* 29 U.S.C. §§ 201-219.

13. This Court may exercise supplemental jurisdiction over Plaintiff's Colorado Wage Claim Act because it is so related to the Fair Labor Standards Act claim that it forms part of the same case or controversy under Article III of the United States Constitution. *See* 29 U.S.C. § 1367(a); *Abdulina v. Eberl's Temp. Servs.*, 79 F.Supp.3d 1201 (D. Colo. 2015); *Armani v. Maxim Healthcare Servs., Inc.*, 53 F.Supp.2d 1120 (D. Colo. 1999).

> "Disputes are part of the 'same case or controversy' within § 1367 when they derive from a common nucleus of operative fact. The 'common nucleus' standard hails originally from *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S. Ct. 1130, 16 L.Ed.2d 218 (1966), a pre-§ 1367 case addressing pendent jurisdiction. When both pendent and ancillary jurisdiction were codified in 1990 as § 1367, however, the 'common nucleus' test was retained by nearly all the circuits to interpret the statute's 'case or controversy' language."

*Edwards v. Doe*, 2009 U.S. App. LEXIS 10770**14-15 (citing *Achtman v. Kriby, McInerney & Squire, LLP*, 464 F.ed 328, 335 (2d. Cir. 2006).

14. A defendant seeking removal must make a "short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a). Section 1446(a) "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, S.Ct. 547, 553 (2014). "[C]ourts should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" *Id*. (internal citations omitted).

15. Plaintiff's Fair Labor Standards Act claim arises under the laws of the United States and the Federal Courts may therefore exercise original jurisdiction over the claim. *See* 29 U.S.C. §§ 201-219.

16. Plaintiff's claims under the Fair Labor Standards Act and the Colorado Wage Claim Act derive from a common nucleus of operative fact. Specifically, both claims rely on Plaintiff's allegations that: (1) he was employed by Defendants; (2) he qualified for overtime compensation; (3) he was entitled to overtime compensation; and (4) he was not paid overtime compensation. Accordingly, common facts predominate both claims and this Court may properly invoke supplemental jurisdiction over the Colorado Wage Claim Act.

17. Taken together, this Court may exercise jurisdiction over both of Plaintiff's claims and removal is therefore appropriate pursuant to 28 U.S.C. §§ 1331, 1367(a), 1441(a), and 1446.

IV. **CONSENT**

18. Defendant Rocky Mountain Senior Care NC, PC consents to this removal action.

V. **OTHER REQUIREMENTS FOR REMOVAL**

19. In accordance with 28 U.S.C. §§ 1446(a), a copy of the following process, pleadings, and orders that were served upon Defendants in the state court action are attached as follows:

| | |
|---|---|
| **Exhibit A** | State Court Docket Sheet; |
| **Exhibit D** | Motion for Leave to File Second Amended Complaint; |
| **Exhibit E** | Second Amended Complaint; |
| **Exhibit F** | Order Granting Plaintiff's Motion for Leave to File his Second Amended Complaint; |
| **Exhibit G** | Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint; |
| **Exhibit H** | Order Granting Unopposed Motion for Extension of Time to Answer or Otherwise Respond to Plaintiff's Second Amended Complaint; |
| **Exhibit I** | Stipulation to Dismiss without Prejudice Claims Against L. Elane Shirar |
| **Exhibit J** | Order Approving Stipulation to Dismiss without Prejudice Claims Against L. Elane Shirar |

20. In accordance with 28 U.S.C. § 1447(b) and pursuant to D.C.Colo.L.Civ.R. 81.1(b), within fourteen (14) days of the filing of this Notice of Removal, Defendants will file a current docket sheet and will separately file each pending motion, petition, and related response, reply, and brief.

21. Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the Notice of Removal to Plaintiff and have filed a copy of the notice with the clerk of the Jefferson County District Court.

22. Defendants have complied with all requirements for removal under Title 28, United States Code.

## VI.   CONCLUSION

WHEREFORE, Defendants respectfully request that the above-styled action be removed from the District Court, Jefferson County, Colorado to the United States District Court for the District of Colorado.

DATED this 14th day of March, 2017.

hershey decker drake

*/s/Matthew George*
Matthew George, #48830
Kari M. Hershey #34246
10463 Park Meadows Drive, Suite 209
Lone Tree, CO 80124
Telephone: (303) 226-1680
Fax: (303) 226-1668
E-mail: kari@hersheydecker.com
matt@hersheydecker.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of March, 2017, a true and correct copy of the foregoing Notice of Removal was filed and served via CM/ECF upon the following:

*Attorney for Plaintiff:*

Gregory A. Hall, #26078
Law Office of Gregory A. Hall
P.O. Box 202922
Denver, CO 80220
Telephone: (303) 320-0584
Fax: (303) 747-6404
E-mail: gregory@federallaw.com

*/s/ Matthew George*
Matthew George, #48830